| | | |
|---|---|---|
| HERMAN'S MODERN BAKERY, | ) | CIVIL ACTION NO. 86-225 |
| Plaintiff, | ) | |
| vs. | ) | JUDGMENT |
| SAIPAN ENGINEERING & CONSTRUCTION, INC., | ) | |
| Defendant. | ) | |

This matter came on for hearing on plaintiff's motion for summary judgment on May 7, 1986. There are no genuine issues of fact. The only matter to be decided is whether the plaintiff is entitled to treble damages and attorney fees pursuant to Public Law 4-35 which provides that if a person issues or draws a check and the payee or endorsee is unable to collect on the check, the latter is entitled to treble damages and attorney fees if 30 days notice is given to the issuer of the check to make good the check. If the issuer fails to do so, the damage provisions come into play.

This law became effective March 28, 1985. Defendant's checks were written, issued and cashed by its employees on or about February 22 to 25, 1985.

565

In October of 1985 the plaintiff gave the prescribed notice to the defendant to make good the checks but defendant failed to do so.

The plaintiff argues that even though the checks were issued and cashed prior to the effective date of Public Law 4-35, it is still entitled to the benefits of the law because of the notice given to defendant of the terms cf the statute and it was given 30 days to make the checks good.

The defendant admits receiving the notice but argues that since the checks were issued prior to the effective date of Public Law 4-35, no treble damages and attorneys fees are allowable.

The general rule is that statutes are to be given prospective application and not retrospective effect. 73 AmJur2d, Statutes, § 350. In the case of Public Law 4-35, there is nothing to indicate legislative intent to have it applied retroactively. Indeed, the statute became effective upon the signature of the Governor.

An analysis of Public Law 4-35 reveals that the provisions imposing treble damages and attorney fees are intended as a deterrent to a person issuing bad checks. It is the act of allowing a check to reach the control of a payee/endorsee which triggers the remaining provisions of the law. The 30 day notice requirement is not the initiating act but a procedural process which must be complied with to give the issuer a chance to avoid the results of the original act of issuing a bad check.

566

At the time the defendant issued its checks there was no law in effect which penalized it by assessing treble damages and attorney fees. To enforce those provisions now would apply Public Law 4-35 retroactively. The fact that the plaintiff gave the 30 day notice does not alter the fact that at the time defendant issued its checks, it was not subject to the provisions of Public Law 4-35. The notice given defendant does not create the liability for damages. That liability is incurred at the time of the issuance of the checks.

It is therefore concluded that plaintiff is entitled to judgment against defendant only for the amount of the checks and costs of suit.

Accordingly, judgment is hereby entered in favor of the plaintiff and against the defendant in the amount of $577.46 plus costs of suit.

Dated at Saipan, CM, this 7th day of May, 1986.

Robert A. Hefner, Chief Judge